1    Malhar S. Pagay (CA Bar No. 189289)
    Scotta E. McFarland (CA Bar No. 165391)
2    PACHULSKI STANG ZIEHL YOUNG
      JONES & WEINTRAUB LLP
3    10100 Santa Monica Blvd., 11th Floor
    Los Angeles, California 90067-4100
4    Telephone: 310/277-6910
    Facsimile: 310/201-0760

5

6    [Proposed] Attorneys for Debtor and Debtor in Possession

7

8            **UNITED STATES BANKRUPTCY COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10               **NORTHERN DIVISION**

| | |
|---|---|
| 11   In re: | Case No.: 9-07-BK-10918 |
| 12   **ALERT CELLULAR, L.C.,** | Chapter 11 |
| 13             Debtor. | **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MALHAR S. PAGAY IN SUPPORT THEREOF** |
| | [NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)] |

19        Alert Cellular, L.C., a Utah limited liability company, debtor and debtor in possession herein

20 (the "Debtor"), hereby files this application (the "Application") to employ Pachulski Stang Ziehl

21 Young Jones & Weintraub LLP (the "Firm" or "PSZYJ&W"), whose business offices are located at

22 10100 Santa Monica Blvd., Suite 1100, Los Angeles, California 90067, as Debtor's general

23 bankruptcy counsel, effective as of July 3, 2007. This Application is brought pursuant to section

24 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy

25 Procedure 2014, Local Bankruptcy Rule 2014-1, and the *Guide to Applications for Employment of*

26 *Professionals and Treatment of Retainers* issued by the Office of the United States Trustee (rev'd

27 December 2002) (the "Employment Guide"). In support of the Application, the Debtor respectfully

28 represents as follows:

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Jurisdiction and Venue**

1.     The Debtor continues to manage its assets and properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). No trustee or examiner has been appointed in this case. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtor's chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background and General Description of the Debtor**

2.     On July 3, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case (the "Case"). The factual background regarding the Debtor, including its current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Omnibus Declaration of David Eseke Jr. in Support of Emergency First Day Motions*, filed with this Court on July 6, 2007, and incorporated herein by this reference.

3.     The Debtor, doing business as "Alert Cellular," "The Mobile Store" and "Get Mobile," is a Utah limited liability company[1] that operates as an authorized retailer of cellular telephone service and equipment for national wireless carriers Verizon and T-Mobile (collectively, the "Carriers") through two separate store networks.[2] The Debtor is a family-owned business founded in 1995 by husband and wife, David and Heidi Eseke. Mr. and Mrs. Eseke are the only members of the Debtor, owning 99% and 1% of the member interests, respectively. David Eseke is the managing member.

4.     The Debtor operated 129 mall kiosks and stand-alone retail stores in California, Colorado, Idaho, Louisiana, New Mexico, Nevada, Texas, Utah, Washington, and Wyoming. The

---

[1] The Utah Limited Liability Company Act permits an entity formed thereunder to use the designation "L.C." in its name to identify it as a limited liability company. *See* U.C.A. § 48-2c-403.

[2] The Debtor operates pursuant to agreements with Verizon and T-Mobile which Verizon and T-Mobile assert are confidential and/or proprietary. Therefore, while reserving all rights to contest the alleged confidential and/or proprietary nature of such agreements, in an abundance of caution, the Debtor is not detailing the terms of the agreements here.

1   company had 2005 revenues of around $55 million. It operated 63 Verizon stores and was one of

2   the largest exclusive Verizon retailers in the western United States. With 66 T-Mobile stores, it was

3   also one of the largest exclusive dealers for T-Mobile products and services in the country. The

4   Debtor's combined T-Mobile and Verizon operations processed over 170,000 wireless customers per

5   year. The Debtor has consistently been recognized and awarded by the Carriers as a "best in class"

6   operator/dealer.

7       5.      The Debtor's chapter 11 filing is the result of a liquidity crisis precipitated by a

8   variety of factors. For example, the Debtor's net cash flow from the Carriers, derived from

9   commissions from sales to customers, has been diminished by the Carriers' increased deductions

10  against such cash flow – called "chargebacks" – which arise primarily from customer cancellations

11  of cellular service, as well as other reasons. Over the past two years, average monthly chargebacks

12  imposed by both Carriers have increased from around $175,000.00 to $400,000.00.

13      6.      Additionally, the Debtor has experienced a change in its customer base over the past

14  year: Low-risk, best credit rating customers who yield high commissions for the Debtor have been

15  replaced by high-risk, bad credit customers. This shift of approximately 1000 customer activations

16  per month has cost the Debtor around $200,000.00 in lost monthly revenues. Moreover, because

17  such customers pose a greater risk of default, they lead to a greater likelihood of chargebacks, as

18  noted above.

19      7.      Over the past two years, the Debtor's business has been impacted by increased

20  competition due to openings of Carrier and dealer-owned stores in the same malls as, or in close

21  proximity to, the Debtor's stores, leading to a substantial drop in revenues.

22      8.      Finally, during the same period, the Debtor's store rental costs increased by

23  approximately thirty percent (30%).

24      9.      The liquidity crisis raised concerns about the Debtor's ability to fulfill its obligations

25  to vendors and other creditors. Accordingly, the Debtor discussed with the Carriers and other parties

26  in interest an out-of-court resolution to its liquidity challenges. It became evident, however, that

27  chapter 11 would provide the best platform and "breathing space" to enable the Debtor to address

28

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    retail locations that have been challenged by poor sales performance and high rental costs and to

2    develop and implement a restructuring plan for its business.

3        10.    On July 3, 2007, the Debtor terminated its operations at 29 of its T-Mobile retail

4    locations and 11 of its Verizon retail locations and filed with this Court a voluntary petition for relief

5    under chapter 11 of the Bankruptcy Code.  The Debtor hopes to emerge from chapter 11 with the

6    support of the Carriers as a healthier enterprise built upon a core group of high-performing stores.

7    **Relief Requested**

8        11.    By this Application, the Debtor seeks to employ and retain PSZYJ&W as its

9    bankruptcy counsel with regard to the administration and prosecution of the Case.  Accordingly, the

10    Debtor respectfully requests the entry of an order pursuant to section 327(a) of the Bankruptcy Code

11    authorizing it to employ and retain PSZYJ&W, effective as of July 3, 2007, as its attorneys to

12    perform the legal services that will be necessary during this Case.

13        12.    The Debtor desires to retain the Firm because of its particular expertise in the areas of

14    insolvency, business reorganization, and other debtor/creditor matters.  The Firm has served as

15    general bankruptcy counsel to debtors in a great number of chapter 11 cases and to a wide range of

16    debtors in various industries.  In addition, the Firm has served as counsel to unsecured creditors'

17    committees in numerous chapter 11 cases.  The Firm also has extensive experience in representing

18    individual creditors, special interest committees, asset purchasers, and investors in both in and out of

19    court restructurings.  Copies of the resumes of the Firm's attorneys expected to provide services in

20    this matter are- attached hereto as **Exhibit "A."**  The Firm's depth of experience in bankruptcy

21    makes it particularly qualified to represent the Debtor.  Therefore, the Debtor believes that the

22    Firm's retention is in the best interest of the estate.

23    **Services to Be Provided**

24        13.    The Firm's services for the Debtor are necessary to enable the Debtor to execute its

25    duties as debtor in possession, including maximizing value to its creditors.  Subject to further order

26    of this Court, and without being exclusive, the Firm proposes to render the following types of legal

27    services to the Debtor:

28

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1            a.      Advise the Debtor regarding the requirements of the Bankruptcy Code, the

2  Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules, and

3  the requirements of the United States Trustee pertaining to the administration of the Debtor's estate

4  (the "Estate");

5            b.      Advise the Debtor concerning the rights and remedies of the estate in regard

6  to the assets of the Estate, and with respect to the secured, priority and general claims of creditors;

7            c.      Represent the Debtor in connection with financial and business matters,

8  including restructuring of its business affairs;

9            d.      Prepare motions, applications, answers, orders, memoranda, reports, and

10  papers, etc., in connection with the administration of the Estate;

11           e.      Conduct examinations of witnesses, claimants, or adverse parties and

12  preparing and assisting in the preparation of reports, accounts, applications and orders;

13           f.      Protect and preserve the Estate by prosecuting and defending actions

14  commenced by or against the Debtor and analyzing, and preparing necessary objections to, proofs of

15  claim filed against the Estate;

16           g.      Investigate and prosecute preference, fraudulent transfer, and other actions

17  arising under the Debtor's avoiding powers; and

18           h.      Render such other advice and services as the Debtor may require in

19  connection with the Case.

20  **Terms of the Retention**

21        14.     Within the one year prior to the commencement of the Case, the Firm received an

22  aggregate of $250,000.00 from the Debtor for services rendered or to be rendered in contemplation

23  of, or in connection with, the Case, from which the Firm deducted $50,000.00 for prepetition

24  services rendered by the Firm, leaving a balance of $200,000.00 as a retainer (the "Retainer").[3]  The

25  Debtor's funds are the source of such amounts received.  The Retainer has been placed in a

26  segregated trust account.

27

28  [3] The Firm estimated its prepetition fees and costs and applied the $50,000.00 to those fees and costs.  If the actual
amounts of fees and costs are less than $50,000.00, the Firm will apply the remaining balance to its Retainer.

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    15.    The Retainer is not a fixed price for counsel's services, and the Firm reserves the

2    right to seek additional compensation beyond the amounts covered by the Retainer in accordance

3    with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

4    16.    There are no arrangements between the Firm and any other entity for the sharing of

5    compensation received or to be received in connection with the Case, except insofar as such

6    compensation may be shared among the partners, of counsel, and associates of the Firm.

7    17.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

8    Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, the Debtor proposes

9    to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm

10    according to its customary reimbursement policies.  The attorneys currently expected to be

11    principally responsible for the Case, and their respective hourly rates effective as of January 1, 2007,

12    are as follows:  Malhar S. Pagay ($450) and Scotta E. McFarland ($495).  The hourly rate for Beth

13    Dassa, the paralegal assigned to the Case, is $165.  The hourly rates of all of the Firm's attorneys

14    and paraprofessionals and expense reimbursement policies are attached hereto as **Exhibit "B."**

15    18.    It is contemplated that the Firm will seek interim compensation during the Case as

16    permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.  The Firm

17    understands that its compensation in the Case is subject to the prior approval of this Court.  No

18    compensation will be paid except upon application to and approval by this Court after notice and a

19    hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016,

20    Local Bankruptcy Rule 2016-1, and the *Guide to Applications for Professional Compensation* issued

21    by the Office of the United States Trustee; provided, however, the Firm intends to draw down on the

22    Retainer, on a monthly basis, in accordance with and upon compliance with the pertinent provisions

23    of the *Guide to Applications for Professional Compensation* regarding the submission and service of

24    Professional Fee Statements.

25    **Disinterestedness**

26    19.    To the best of the Debtor's knowledge and based upon the Declaration of Malhar S.

27    Pagay ("Declaration") attached hereto, neither the Firm nor any of its partners, of counsel, or

28    associates has any connection with the Debtor, any creditors of the estate, any party in interest, their

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  respective attorneys or accountants, the United States Trustee, or any person employed in the Office

2  of the United States Trustee, except to the extent set forth in the Declaration.

3       20.    To the best of the Debtor's knowledge and based upon the attached Declaration,

4  neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder,

5  or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

6       21.    To the best of the Debtor's knowledge and based upon the attached Declaration,

7  neither the Firm nor any of its partners, of counsel, or associates is or was, within two years before

8  the date of the filing of the petition, a director, officer, or employee of the Debtor.

9       22.    To the best of the Debtor's knowledge and based upon the attached Declaration,

10  neither the Firm nor any of its partners, of counsel, or associates has any interest materially adverse

11  to the interest of the estate or of any class of creditors or equity security holders, by reason of any

12  direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

13  Accordingly, the Firm and its partners, of counsel, and associates are "disinterested persons" as that

14  term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

15  **Notice and Hearing**

16       23.    Pursuant to Local Bankruptcy Rule 2014-1(b)(1), a hearing is not required in

17  connection with the Application unless requested by the United States Trustee, a party in interest, or

18  otherwise ordered by the Court.  Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to

19  the Application and request for hearing must be in the form prescribed by Local Bankruptcy

20  Rule 9013-1(a)(7) and must be filed with the Court and served upon the Debtor, their proposed

21  counsel, and the United States Trustee no later than 15 days from the date of service of notice of the

22  filing of the Application.

23       24.    Notice of filing of this Application was provided, in the form attached hereto as

24  **Exhibit "C,"** to (a) proposed counsel to the Official Committee of Unsecured Creditors and the

25  members of the Committee, (b) the creditors holding the twenty largest unsecured claims, (c) the

26  Office of the United States Trustee, (d) the Debtor's purported secured creditors, and (e) any party

27  who filed and served a request for special notice as of the date of service of the Notice.

28       **WHEREFORE**, the Debtor requests that this Court approve the employment of the Firm as

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  general bankruptcy counsel, as of the commencement of the Case, to render services as described

2  above, with compensation to be paid by the Estate as an administrative expense in such amounts as

3  this Court may hereafter determine and allow.

4

Dated:  7 /31/ , 2007          ALERT CELLULAR, L.C.

5

6                                By    /s/  _____

7                                      DAVID ESEKE JR.
                                       Its: Chief Executive Officer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

**Malhar S. Pagay**
Email: mpagay@pszyjw.com
Los Angeles (Principal) Office
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067-4100
Tel: 310.277.6910



Mr. Pagay is a business lawyer with substantial experience representing chapter 11 debtors, trustees, unsecured creditors, creditors' committees, and other parties in the contexts of bankruptcy cases, adversary proceedings, commercial litigation, mediations, and domestic and international business transactions. Mr. Pagay has concentrated his practice in business reorganizations, international sale of goods transactions, and also has advised clients in out-of-court restructurings of debt. He has also advised clients in the acquisition of assets from distressed companies. He serves as principal counsel to China Export & Credit Insurance Corporation (SINOSURE) in United States insolvency matters. He recently participated in a panel regarding international insolvencies and has lectured regarding insolvency issues facing high-technology companies. He is named among "Southern California Super Lawyers: Rising Stars" in 2005, 2006, and 2007. During April 2006, Mr. Pagay appeared on American Airlines's in-flight radio program, "America's Best Lawyers," as well as on SkyRadioNetwork.com, discussing the impact of the new Bankruptcy Code amendments on businesses. Mr. Pagay is a graduate of Yale University and received his J.D. from USC. Mr. Pagay is admitted to practice in California, and is a resident in our Los Angeles office.

**EDUCATION**

- Yale University (B.A. 1989).
- University of Southern California (J.D. 1994).

**JUDICIAL CLERKSHIP**

- Law clerk, Erithe A. Smith (Bankr. C.D. Cal. 1994-96).

**BAR ADMISSION**

- 1997, California.

**Professional Affiliations**

- Chair, Beverly Hills Bar Association Bankruptcy Section (2006-2007).
- Member, State Bar of California Business Law Section Insolvency Law Committee (2004-2007).
- Member, American Bar Association Section of International Law & Practice, China Law Section (2005-).
- Member, American Bar Association Conference of Minority Partners in Majority Corporate Law Firms (2003 -).
- Member, South Asian Bar Association of Southern California.
- Certified Commercial Arbitrator, Institute for Conflict Management LLC.

**Publications**

- Author, "Section 105(a) of the Bankruptcy Code," 2006 *Annual Survey of Bankruptcy Law* 415 (West 2006); 2005 *Annual Survey of Bankruptcy Law* 689 (West 2005).
- Author, "Improving The Odds of Repayment In Bankruptcy," 51 *Practical Lawyer* 45 (August 2005).
- Author, "Section 105(a) of the Bankruptcy Code in 2002-2003 -- Two Years of Continued Development," 2004 *Annual Survey of Bankruptcy Law* 645 (West 2004).

**Programs and Lectures**

- Association of Insolvency & Restructuring Advisors; Beverly Hills Bar Association; Center for International Legal Studies.

**Representative Matters**

- Asset acquirers: Fuji Photo Film USA; Homestore.com, Inc.
- Creditors: Anhui Light Industries International Company Ltd.; Artapower International Group, Inc.; China Export & Credit Insurance Corporation; Zhejiang Xing Yang Import & Export Company Ltd.
- Asset seller: DSL Transportation Services, Inc. and subsidiaries.
- Out-of-court restructuring: Handspring, Inc.
- Chapter 11 debtors: AgriBioTech Inc.; Mike Tyson; Murray, Inc.; Peregrine Systems, Inc.

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    •    Creditors' committee: Adamson Apparel, Inc.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Scotta E. McFarland

Email: smcfarland@pszyjw.com

Los Angeles (Principal) Office
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067-4100
Tel: 310.277.6910

Ms. McFarland has substantial experience representing debtors, secured creditors, creditors' committees, and other parties in chapter 11 cases. She is a graduate of North Texas University and received her JD. from Southern Methodist University. Ms. McFarland is admitted to practice in Texas (inactive), California, and Delaware, and splits her time between our Los Angeles and Delaware offices.

**EDUCATION**

- University of North Texas (B.S. Ed. 1969).
- Southern Methodist University (J.D. 1980).

**BAR ADMISSION**

- 1980, Texas (inactive).
- 1993, California.
- 2002, Delaware.

Disclaimer | Sitemap | © 2007 Pachulski Stang Ziehl Young Jones & Weintraub | Site by Firmseek | ATTORNEY ADVERTISING

# EXHIBIT B

**HOURLY BILLING RATES FOR ATTORNEYS AND PARALEGALS OF**
**PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP**
**EFFECTIVE JANUARY 1, 2007**

| Attorneys | Billing Rate |
|---|---|
| Richard M. Pachulski | $795.00 |
| Robert J. Feinstein | $750.00 |
| William P. Weintraub | $750.00 |
| James I. Stang | $750.00 |
| Dean A. Ziehl | $750.00 |
| Laura Davis Jones | $750.00 |
| Marc A. Beilinson | $695.00 |
| Robert B. Orgel | $695.00 |
| Ira D. Kharasch | $695.00 |
| Brad R. Godshall | $695.00 |
| Jeremy V. Richards | $695.00 |
| Richard J. Gruber | $650.00 |
| David J. Barton | $650.00 |
| Henry C. Kevane | $595.00 |
| Alan J. Kornfeld | $595.00 |
| James K.T. Hunter | $595.00 |
| Andrew W. Caine | $595.00 |
| Stanley E. Goldich | $575.00 |
| Linda F. Cantor | $575.00 |
| Jeffrey N. Pomerantz | $575.00 |
| Debra Grassgreen | $575.00 |
| Kenneth H. Brown | $550.00 |
| Thomsen Young | $550.00 |
| Iain A.W. Nasatir | $550.00 |
| David M. Bertenthal | $550.00 |
| Samuel R. Maizel | $550.00 |
| Ellen H. Bender | $525.00 |
| Bruce Grohsgal | $525.00 |
| Steven J. Kahn | $525.00 |
| Scotta E. McFarland | $495.00 |
| John D. Fiero | $495.00 |
| Gina F. Brandt | $495.00 |
| Beth E. Levine | $475.00 |
| James E. O'Neill | $475.00 |
| Robert M. Saunders | $475.00 |
| Jason S. Pomerantz | $475.00 |
| William L. Ramseyer | $450.00 |
| Jonathan J. Kim | $450.00 |
| Malhar S. Pagay | $450.00 |
| Hamid R. Rafatjoo | $450.00 |
| Jeffrey W. Dulberg | $450.00 |
| Michael R. Seidl | $450.00 |
| Pamela E. Singer | $450.00 |
| Jeffrey P. Nolan | $450.00 |
| Joshua M. Fried | $450.00 |
| Maxim B. Litvak | $450.00 |
| Nina L. Hong | $450.00 |
| Harry D. Hochman | $450.00 |

| Attorneys | Billing Rate |
|---|---|
| Maria Bove | $395.00 |
| J. Rudy Freeman | $375.00 |
| Curtis A. Hehn | $375.00 |
| Rachel Lowy Werkheiser | $375.00 |
| Gillian N. Brown | $375.00 |
| Celine M. Guillou | $375.00 |
| Ilan D. Scharf | $375.00 |
| James E. Mahoney | $350.00 |
| Daryl G. Parker | $350.00 |
| Timothy P. Cairns | $350.00 |

| Paralegals | |
|---|---|
| Denise A. Harris | $210.00 |
| Patricia J. Jeffries | $200.00 |
| Kathleen F. Finlayson | $190.00 |
| Shannon O.C. Nelson | $185.00 |
| Louise Tuschak | $180.00 |
| Karina K. Yee | $180.00 |
| Patricia E. Cuniff | $180.00 |
| Cheryl A. Knotts | $175.00 |
| Marlene S. Chappe | $175.00 |
| Beth D. Dassa | $165.00 |
| Michael A. Matteo | $155.00 |
| Jorge Rojas | $145.00 |

| Law Library Dir. | |
|---|---|
| Leslie A. Forrester | $195.00 |
| Law Clerks/Clerks | |
| Donna C. Crossan | $ 95.00 |
| Rita M. Olivere | $ 95.00 |
| Sheryle L. Pitman | $ 90.00 |
| Charles J. Bouzoukis | $ 80.00 |
| Andrea R. Paul | $ 80.00 |
| Karen S. Neil | $ 75.00 |

| Law Library Dir. | |
|---|---|
| Leslie A. Forrester | $195.00 |
| Law Clerks/Clerks | |
| Thomas J. Brown | $ 75.00 |

3311-001\DOCS_LA:168737.2

**EXHIBIT "B"**
1

## SUMMARY OF RATES OF REIMBURSEMENT FOR EXPENSES OF PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP EFFECTIVE JANUARY 1, 2007[1]

Facsimile Charges

       Outgoing    $1.00 per page

       Incoming    $0.20 per page

Photocopy Charges    $0.20 per page

Mileage[2]    $0.485 per mile

Secretarial Overtime  Actual Cost

Court Filing Fees    Actual Cost

Court Reporter    Actual Cost

Messenger and Attorney Services    Actual Cost

Legal Research    Actual Cost

Postage/Express Mail Actual Cost

Telephone   Actual Cost

Travel Expenses    Actual Cost

---

[1] This summary lists expenses commonly billed by the Firm. Other expenses would typically be billed to the Firm's clients at the Firm's actual cost.

[2] The Firm only charges for associate and paralegal mileage, not partner mileage.

**EXHIBIT "B"**

2

# **PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                             )
COUNTY OF LOS ANGELES  )

      I, Myra Kulick, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California  90067-4100.

      On July 31, 2007, I caused to be served the **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MALHAR S. PAGAY IN SUPPORT THEREOF** in this action by placing the original enclosed in sealed envelopes addressed as follows:

*Please see attached Service List*

☐  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑  (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown.  The transmission was reported as complete and without error.  (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☑  (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☑  (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address .

☐  (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐  (BY OVERNIGHT DELIVERY) By sending by _____ to the addressee(s) as indicated on the attached list.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

      Executed on July 31, 2007, at Los Angeles, California.

*Myra Kulick*
Myra Kulick

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2
**Service List**

3

4
Office of United States Trustee
Brian Fittipaldi
United States Trustee

5
San Fernando Valley Division
21051 Warner Center Lane, Suite 115

6
Woodland Hills, CA 91367
Tel:        818-716-8800

7
*Via Fax*:    818-716-1576
*E-mail:  brian.fittipaldi@usdoj.gov*

8
Brian Fittipaldi

9
United States Trustee
Northern Division

10
128 East Carrillo Street, Suite 126
Santa Barbara, CA  93101

11
Tel:        805-957-4100
Fax:        805-957-4103

12
*Via E-mail:  brian.fittipaldi@usdoj.gov*

13
Debtor
David Eseke Jr., Managing Member and Chief Executive Officer

14
Alert Cellular, L.C.
4180 Via Real, Suite E

15
Carpinteria, California  93013
Tel:        805-745-8002

16
Fax:        80¶5-745-1012
*Via Email:  david@alertcellular.com*

17

18
Counsel to Official Committee of
Unsecured Creditors
Jeffrey M. Reisner, Esq.

19
Irell & Manella LLP
840 Newport Center Drive, Suite 400

20
Newport Beach, CA 92660-6324
Tel.:        949-760-5242

21
Fax:        949-760-5200
*Via Email:  jreisner@irell.com*

22

23
Counsel to Cellco Partnership and related
entities dba Verizon Wireless
Julia W. Brand, Esq.

24
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600

25
Los Angeles, CA 90067
Tel:        310-788-4515

26
Fax:        310-712-8415
*Via Email:  julia.brand@kattenlaw.com*

27

28

1  Counsel To T-Mobile USA, Inc.
   John Rizzardi
2  John R. Knapp, Jr.
   Cairncross & Hempelmann, P.S.
3  524 Second Avenue, Ste. 500
   Seattle, WA 98104-2323
4  Tel:      206-587-0700
   Fax:      206-587-2308
5  *Via Email: jknapp@cairncross.com*

6  Attorneys for JPMorgan Chase Bank N.A.
   Philip R. Rudd
7  Kutak Rock LLP
   8601 North Scottsdale Road, Suite 300
8  Scottsdale, AZ 85253
   Tel.:     480-429-4892
9  Fax:      480-429-5001
   *Via Email: philip.rudd@kutakrock.com*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

03311-001\DOCS_LA:168737.2